IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | ) COMPLAINT<br>) |
| BOB EVANS FARMS, LLC, | ) JURY TRIAL DEMAND<br>) |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Hayley Macioce who was adversely affected by such practices. The Commission alleges that Defendant discriminated against Macioce by reducing her work hours because of her sex, female, and her pregnancy.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Bob Evans Farms, LLC ("Defendant"), an Ohio limited liability company, has continuously been doing business in the Commonwealth of Pennsylvania and the City of West Mifflin, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Macioce filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 17, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 14, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since July 2014, Defendant has engaged in unlawful employment practices at its West Mifflin, Pennsylvania restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by reducing Macioce's working hours, and consequently her pay, because of her pregnancy.

13. Macioce was employed as a server with Defendant beginning in 2009. In July, 2014, the general manager of the restaurant, Jay Moreau, who was aware of her pregnancy, asked Macioce about her plans to take pregnancy leave. She informed him that she intended to continue working until her due date of September 18, 2014.

14. Immediately thereafter, Moreau took Macioce off of the automated scheduling system, telling her that he did not want her to "screw [him] over" if she went into labor.

15. Macioce did not have any medical restrictions as a result of her pregnancy, had not requested a leave of absence or a reduction in her hours, and intended to continue working her regular schedule until her due date.

16. As a result of general manager Moreau's actions, Macioce's hours were dramatically reduced for the weeks remaining until the delivery of her baby, causing loss of pay.

17. The effect of the practices complained of in paragraphs 12 through 16 above has been to deprive Macioce of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex (female).

18. The unlawful employment practices complained of in paragraphs 12 through 16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 12 through 16 above were done with malice or with reckless indifference to Macioce's federally protected

rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.　Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex and/or pregnancy.

B.　Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for all employees, including pregnant females, and which eradicate the effects of its past and present unlawful employment practices.

C.　Order Defendant to make whole Hayley Macioce, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.　Order Defendant to make whole Hayley Macioce by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 16 above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Macioce, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E.　Order Defendant to make whole Hayley Macioce by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12 through 16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.　Order Defendant to pay Hayley Macioce punitive damages for its malicious and reckless conduct described in paragraphs 12 through 16 above, in amounts to be determined at

trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737

5

(410) 962-4270 (facsimile)
ronald.phillips@eeoc.gov

DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov